FULL NAME

Marquice Bruce

COMMITTED NAME (if different)

3102 E Highland Avenue

FULL ADDRESS INCLUDING NAME OF INSTITUTION

Patton, Ca 92369

PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT

JUL 29 2024

CENTRAL DISTRICT OF CALIFORNIA
BY _____ MRV _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Marquice Bruce

PLAINTIFF,

v.

TwinTowers County Facility
Et al.,

DEFENDANT(S).

CASE NUMBER

5:24 CV 00952-SSS-AS

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*

☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☒ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
Plaintiff  _Marquice Bruce_____

Defendants _Twin Towers, Gonzalez, Leora, Moran_____

b.  Court _____

c.  Docket or case number _5:24CV952_____

d.  Name of judge to whom case was assigned _AIKA SAGAR_____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _Still Pending_____

f.  Issues raised: _____
_____
_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☒ Yes   ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes    ☐ No

If your answer is no, explain why not _____
_____
_____

3.  Is the grievance procedure completed? ☒ Yes    ☐ No

If your answer is no, explain why not _____
_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _Marquice Bruce_____
(print plaintiff's name)
who presently resides at _3102 E Highland Ave. Patton Ca. 92369_,
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_Twin Tower Correctional Facility_____
(institution/city where violation occurred)

on (date or dates) __April 11, 2022.__ _____ , _____
                        (Claim I)              (Claim II)              (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than
            five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant __Twin Tower Correctional Facility__ resides or works at
    ____(full name of first defendant)____
        __450 Bauchet ~~st~~ St LA, Ca 90012__
        (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual  ☒ official capacity.

    Explain how this defendant was acting under color of law:
    __Caused And Neglected to ~~rectog~~ recognize the grievences__
    __Filed By Marquice Bruce.__

2.  Defendant __Gonzolrz__ _____ resides or works at
    ____(full name of first defendant)____
        __450 Bauchet St LA, Ca 90012__
        (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual  ☒ official capacity.

    Explain how this defendant was acting under color of law:
    __Ordered Personnel to Carry out different Acts against__
    __Marquice Bruce While dissmissing Greivence Procedures__

3.  Defendant __Leora__ _____ resides or works at
    ____(full name of first defendant)____
        __450 Bauchet St LA, Ca 90012__
        (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual  ☒ official capacity.

    Explain how this defendant was acting under color of law:
    __Ordering Medical Personnel to screen Marquice Bruce(s)__
    __Lab Results but deny treatment.__

---

**CIVIL RIGHTS COMPLAINT**

4.  Defendant  Moran _____ resides or works at
          (full name of first defendant)

    450 Bauchet St LA, Ca 90012
          (full address of first defendant)

    _____
          (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☒ official capacity.

    Explain how this defendant was acting under color of law:
    Gave Nursing Staff reason for denying Marguite Bruce
    treatment

5.  Defendant  _____ resides or works at
          (full name of first defendant)

    _____
          (full address of first defendant)

    _____
          (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:
    _____
    _____

**D. CLAIMS***

<b>CLAIM I</b>

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

- Full medical Bills Paid
- Court And lawyer Fees Paid
- Pain And suffering
- loss wages
- Family Support
- Full Pardon
  and Pay Marquice Bruce the Sum of

$350,000,000.00 million dollars

6-28-24
*(Date)*

Marquice Bruce
*(Signature of Plaintiff)*

**CIVIL RIGHTS COMPLAINT**

# Claim I

D    The Complaint against Twin Tower County Facility
is based Apon the Food Poisoning that accured while
the Margaice Bruce was housed in the 142 Modualar
    The abuse started April 11 2022 personnel involved
is Gonzolez, Leora, Moran, who did more then conspire
these individual acted with Malice Moran openly accused
Marquice Bruce of being a __Molester__ after
Gonzolez mishandle Food Gave Leora a burrito that
was received From another inmate with knowlege
that the Food was Tampered that Gonzolez had
prepared to be served to Marquice Bruce
For a result that Marquice Bruce would become
ill and Pass away or have to require surgery
in the Near future. With out medically addressing
Health issues that was caused by Personnel
and neglected At A time
    Marquice Bruce Request that 142 Modual
Fotage be investigated for Proof in time
    April 11, 2022 to July 15th 2022 and Grievenees
that are out side that time frame is the
Continuance of ABuse
    Request to Amend

                              Marquice Bruce

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

MARQUICE BRUCE,

             Plaintiff,

     v.

TWIN TOWERS COUNTY FACILITY, et al.,

             Defendants.

Case No. EDCV 24-0952-SSS (AS)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

### INTRODUCTION

On May 3, 2024, Marquice Bruce ("Plaintiff"), a California detainee proceeding pro se, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against the Twin Towers County Facility ("Twin Towers") in Los Angeles, California, and three Twin Towers correctional officers - Leora, Gonzalez, and Moran - sued in their individual capacities.[1] (Dkt. No. 1). The

---

[1] On May 30, 2024, in this same action, Plaintiff also filed a "Request for Hearing and Petition for Habeas Corpus to Dismiss a Felony Complaint" ("Request"). (Dkt. No. 5). Based on the Request and exhibits attached thereto, it appears Plaintiff has state felony charges pending against him but has been found incompetent pursuant to California Penal Code section 1368 and was transferred

1   Court has screened the Complaint as prescribed by 28 U.S.C. § 1915A
2   and 42 U.S.C. § 1997e. For the reasons discussed below, the Court
3   DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND.[2]

5                          **STANDARD OF REVIEW**

7        Congress mandates that district courts initially screen civil
8   complaints filed by prisoners seeking redress from a governmental
9   entity or employee. 28 U.S.C. § 1915A. A court may dismiss such a
10  complaint, or any portion thereof, if the court concludes that the
11  complaint: (1) is frivolous or malicious, (2) fails to state a
12  claim upon which relief may be granted, or (3) seeks monetary
13  relief from a defendant who is immune from such relief. Id.
14  § 1915A(b); see also id. § 1915(e)(2) ("[The court] shall dismiss
15  the case at any time if the court determines that . . . the
16  action . . . (i) is frivolous or malicious; (ii) fails to state a
17  claim on which relief may be granted; or (iii) seeks monetary
18  relief against a defendant who is immune from such relief."); 
19  accord Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000)
20  (en banc). In addition, dismissal may be appropriate if a complaint
21  violates Rule 8 of the Federal Rules of Civil Procedure. McHenry

23  _____
24  from Twin Towers to Patton State Hospital. The Request – which will
    be addressed by separate order – seeks an order discharging
25  Plaintiff from the hospital and releasing him from state custody.
    (Request at 1-2).
26
27       [2] Magistrate judges may dismiss a complaint with leave to
    amend without approval from the district judge. McKeever v. Block,
28  932 F.2d 795, 798 (9th Cir. 1991).

                                   2

1   v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast

2   Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

3

4       In considering whether to dismiss a complaint, a court is

5   generally limited to the pleadings and must construe "[a]ll factual

6   allegations set forth in the complaint . . . as true and . . . in

7   the light most favorable" to the plaintiff. Lee v. City of Los

8   Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).

9   Moreover, pro se pleadings are "to be liberally construed" and

10  "held to less stringent standards" than those drafted by a lawyer.

11  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

12  Nevertheless, dismissal for failure to state a claim can be

13  warranted based on either the lack of a cognizable legal theory or

14  the absence of factual support for a cognizable legal theory.

15  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th

16  Cir. 2008).

17

18                              **DISCUSSION**

19

20      Plaintiff's Complaint warrants dismissal for violation of

21  Federal Rule of Civil Procedure 8, among other deficiencies

22  addressed below. Leave to amend is granted, however, because it is

23  not "absolutely clear that the deficiencies of the complaint could

24  not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212

25  (9th Cir. 2012).

26

27      Rule 8 requires that a complaint contain "'a short and plain

28  statement of the claim showing that the pleader is entitled to

                                   3

relief,' in order to 'give the defendant fair notice of what
the . . . claim is and the grounds upon which it rests.'" Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed.
R. Civ. P. 8(a)). "Each allegation must be simple, concise, and
direct." Fed. R. Civ. P. 8(d)(1). Conclusory allegations are
insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 686 (2009).
A complaint is subject to dismissal for violating Rule 8 if "one
cannot determine from the complaint who is being sued, for what
relief, and on what theory." McHenry, 84 F.3d at 1178; see also
Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d
1047, 1058-59 (9th Cir. 2011) (a complaint violates Rule 8 if a
defendant would have difficulty understanding and responding to
the complaint); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.
1991) (noting that under Rule 8(a) a complaint must contain
"sufficient allegations to put defendants fairly on notice of the
claims against them").

Plaintiff's Complaint violates Rule 8 because it fails to
provide adequate notice of the claims he is asserting. The
Complaint appears to assert several vague, unrelated claims –
listed as "wrongful arrest, denial of a speedy trial[,] cruel and
unusual punishment[,] food poisoning[,] denial in medicine[,]
illegal detainer[,] unlawful detention[,] [and] due process
violation" (Compl. at 5)[3] – with no clear indication of the legal
grounds and factual circumstances at issue in each claim. The

---

[3] In quoting from Plaintiff's handwritten Complaint, this
Order omits some arbitrary capitalization.

4

Complaint also contains a series of disconnected factual allegations with little context. For example, Plaintiff asserts that Defendant Moran "continu[ou]sly spread rumors" about Plaintiff to the Twin Towers nursing staff that "led to denying [Plaintiff] processing in treatment and movement that would have assured [him] proper procedures in transportation to and from court as well as medical screenings to July 15, 2022." (Compl. at 5). Elsewhere in the Complaint, Plaintiff writes that Moran is liable for "defamation of character, instructing nursing staff to deny medications to Plaintiff." (Compl. at 4). Plaintiff offers no other facts about this. He thus fails to specify the nature of Moran's "rumors," how these alleged rumors caused Plaintiff to receive improper treatment or transportation, the type of treatment or transportation Plaintiff required and why, or what harm resulted. Without such facts, Defendant cannot adequately discern the basis for the claim(s) against him and properly respond.

Plaintiff also states that Defendants Gonzalez and Leora, on April 11, 2022, conspired to prepare "multiple meals that can cause an untimely death" and "coerc[ed] other employees to deny [Plaintiff] services that can cure or prevent the consumption of hazardous waste." (Compl. at 5). Plaintiff further asserts that Twin Towers custody personnel caused him to be subjected to a "food poisoning dinner" on January 22 and March 15, 2024. (Compl. at 7). Yet, Plaintiff does not specify how each of these Defendants was involved in the meals, nor does he allege facts indicating whether Defendants were (or should have been) aware of the harm posed by the food, or what harm resulted. Again, without such facts,

5

1    Defendants cannot sufficiently understand the basis for the claims
2    being asserted against them or respond appropriately.

3

4         Plaintiff's other allegations are similarly inadequate. He
5    states, for example, that officers coerced a psychiatrist or
6    psychologist to write disciplinary reports to "deny actions,
7    services, medicine, [and] religious meal[s]." (Compl. at 7). He
8    also appears to claim that an "unlawful detainer" was filed in
9    August 2022, as a result of which he was "transported to Patton
10   State Hospital and back to [Twin Towers] without trial." (Compl.
11   at 5). Plaintiff does not seem to provide any other facts about
12   these circumstances, and it is unclear if or how they relate to
13   the other circumstances alleged in the Complaint.

14

15        Moreover, to the extent Plaintiff intends to assert federal
16   claims against Twin Towers – construed as claims against the County
17   of Los Angeles[4] – Plaintiff must allege facts showing that a policy,
18   custom, or practice of the municipal entity was the cause of a
19   violation of Plaintiff's constitutional rights. See Villegas v.
20   Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008).
21   "[P]roof of a single incident of unconstitutional activity," or
22   even a series of "isolated or sporadic incidents," will not give
23   rise to the entity's liability under § 1983. Gant v. County of Los
24   Angeles, 772 F.3d 608, 618 (9th Cir. 2014) (citation omitted).
25   Rather, liability must be "founded upon practices of sufficient
26
27        [4] It is unclear whether Twin Towers itself is properly subject
     to suit, but the Court need not resolve that issue at this juncture.
28

6

1    duration, frequency and consistency that the conduct has become a

2    traditional method of carrying out policy." Trevino v. Gates, 99

3    F.3d 911, 918 (9th Cir. 1996).

4

5        Accordingly, the Complaint warrants dismissal with leave to

6    amend for violation of Rule 8 because Defendants would have

7    difficulty understanding and responding to Plaintiff's claims. To

8    remedy this problem, Plaintiff must, at a minimum, provide clear

9    factual allegations against each Defendant and expressly identify

10   which Defendant(s) are sued in each claim and which allegations

11   are at issue in each claim. See Bell Atlantic Corp. v. Twombly,

12   550 U.S. 544, 555 & n.3 (complaint must allege enough specific

13   facts to provide both "fair notice" of the particular claim being

14   asserted and "the grounds upon which [that claim] rests").

15

16       In addition, to the extent that the Complaint challenges the

17   fact or duration of his state custody, such claims are not

18   cognizable in this § 1983 action and must instead be brought

19   separately in a properly filed petition for writ of habeas corpus

20   under 42 U.S.C. § 2254. See Pinson v. Carvajal, 69 F.4th 1059, 1071

21   (9th Cir. 2023) ("[A]n action sounds in habeas 'no matter the

22   relief sought (damages or equitable relief), no matter the target

23   of the prisoner's suit . . . if success in that action would

24   necessarily demonstrate the invalidity of confinement or its

25   duration.'" (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005))).

26   Moreover, if such claims concern criminal proceedings that remain

27   pending in state court, they may be barred by Younger v. Harris,

28   401 U.S. 37 (1971).

**CONCLUSION**

For the reasons discussed above, the Court DISMISSES Plaintiff's claims WITH LEAVE TO AMEND.

If Plaintiff still wishes to pursue this action, he shall file a First Amended Complaint no later than 30 days from the date of this Order. The First Amended Complaint must cure the pleading defects discussed above and shall be complete in itself without reference to the Complaint. See L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims in the Complaint again.

In any amended complaint, Plaintiff should identify the nature of each separate legal claim and confine his allegations to those operative facts supporting each of his claims. For each separate legal claim, Plaintiff should state the civil right that has been violated and the supporting facts for that claim only. Pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." However, Plaintiff is advised that the allegations in the First Amended Complaint should be consistent with the authorities discussed above. In addition, the First Amended Complaint may not include new defendants or claims not reasonably related to the allegations in the previously filed

1    complaint. Plaintiff is strongly encouraged to utilize the standard
2    civil rights complaint form when filing any amended complaint, a
3    copy of which is attached.

4

5       Plaintiff is explicitly cautioned that failure to timely file
6    a First Amended Complaint, or failure to correct the deficiencies
7    described above, may result in a recommendation that this action,
8    or portions thereof, be dismissed with prejudice for failure to
9    prosecute and/or failure to comply with court orders. See Fed. R.
10   Civ. P. 41(b); Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d
11   884, 891 (9th Cir. 2019) ("The failure of the plaintiff eventually
12   to respond to the court's ultimatum - either by amending the
13   complaint or by indicating to the court that it will not do so -
14   is properly met with the sanction of a Rule 41(b) dismissal.")
15   (emphasis omitted) (quoting Edwards v. Marin Park, Inc., 356 F.3d
16   1058, 1065 (9th Cir. 2004)). Plaintiff is further advised that if
17   he no longer wishes to pursue this action in its entirety or with
18   respect to particular defendants or claims, he may voluntarily
19   dismiss all or any part of this action by filing a Notice of
20   Dismissal in accordance with Federal Rule of Civil Procedure
21   41(a)(1). A form Notice of Dismissal is attached for Plaintiff's
22   convenience.

23

24      **IT IS SO ORDERED.**

25

26   Dated: June 21, 2024

27                                    _____/s/_____
                                          ALKA SAGAR
28                              UNITED STATES MAGISTRATE JUDGE

9



Legal Mail

Marquise Bruce 1782994
PATTON STATE HOSPITAL
3102 E. HIGHLAND AVENUE
PATTON, CA 92369

United States District Court
Central District of California
255 East Temple St. Room 180
Los Angeles, California 90012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY
JUL 29 2024
CLERK, U.S. DISTRICT COURT

neopost
07-2410/2024
US POSTAGE $002.04°

FIRST CLASS MAIL

ZIP 92369
041L12205614

